IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-44,275-04






EX PARTE CHRISTOPHER JOSEPH HALL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A-08-5080-2 IN THE 36TH JUDICIAL DISTRICT COURT


FROM ARANSAS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to ninety-nine years' imprisonment. The Thirteenth Court of Appeals affirmed his
conviction. Hall v. State, No. 13-09-00149-CR (Tex. App. - Corpus Christi, October 7, 2010, pet.
ref'd.). 

 Applicant contends, inter alia, the State withheld favorable evidence from the defense, that
a State's expert witness gave perjured testimony regarding the reliability of dog scent lineups, and
that his trial counsel rendered ineffective assistance because counsel failed to adequately impeach
the testimony of the victim's daughters with prior inconsistent statements and mis-identifications,
failed to subpoena a witness for the suppression hearing, failed to challenge the admissibility of
photographs of Applicant's tattoos, and failed to adequately challenge the testimony of the State's
expert on dog scent line-ups.. 

 Applicant has alleged facts that, if true, might entitle him to relief. Brady v. Maryland, 373
U.S. 83 (U.S. 1963); Ex parte Kimes, 872 S.W.2d 700, 702-703 (Tex. Crim. App. 1993);

Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim.
App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court shall obtain an affidavit from Applicant's trial counsel responding to
Applicant's claims of ineffective assistance of counsel. Specifically, counsel shall state whether the
fact that the victim's daughters had made erroneous identifications and had given inconsistent
statements prior to trial was disclosed to the defense. Counsel shall state whether he subpoenaed 
Sgt. Jay Druesdow to testify at the suppression hearing, and if not, why not. Counsel shall also state
whether he investigated the qualifications of Deputy Keith Pikett and the validity of his scent
identification procedures prior to trial, and if so, whether he obtained information suggesting that
Deputy Pikett's scent identifications had led to incorrect identifications prior to Applicant's trial. 

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a copy of the trial records,
including transcripts of all pre-trial hearings and trial, the evidence provided by the prosecution in
response to pre-trial discovery, and copies of any motions filed by both parties. The trial court shall
make findings of fact as to whether the evidence regarding witnesses' identification of Justin Padgett
was provided to the defense prior to trial, and if not, why not. The trial court shall make findings
as to whether Deputy Keith Pikett gave truthful testimony regarding the rate of error in his dog scent
lineups. The trial court shall make findings as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 29, 2011

Do not publish